[No. B116901. Second Dist., Div. One. Mar. 26, 1998.]

INTERNATIONAL INSURANCE COMPANY et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; RHONE-POULENC BASIC CHEMICALS COMPANY, Real Party in Interest.

**COUNSEL**

Thelen, Marrin, Johnson & Bridges, Gary L. Fontana, Christine C. Franklin, Mary E. Wilcox, Gayle I. Jenkins, Dennis M. Naish, Musick, Peeler & Garrett, Steven J. Elie, Purcell & Wardrope and Sandra Young for Petitioners.

No appearance for Respondent.

Spriggs & Hollingsworth, Marc S. Mayerson, Donald R. McMinn, Munger, Tolles & Olson, Cary B. Lerman and Charles D. Siegal for Real Party in Interest.

## OPINION

**VOGEL (Miriam A.), J.**—International Insurance Company sold several liability insurance policies to Rhone-Poulenc Basic Chemicals Company. In 1986, Rhone-Poulenc sued International over a coverage dispute about several third party environmental actions. In 1988, the coverage action was assigned to the Honorable G. Keith Wisot (now retired). In 1990, International prevailed on a motion for summary adjudication of issues. In 1994, Judge Wisot retired and the coverage cases were assigned to the Honorable Valerie L. Baker. In 1996, Rhone-Poulenc moved for reconsideration of Judge Wisot's summary adjudication order on the ground that two recent cases (*Montrose Chemical Corp.* v. *Admiral Ins. Co.* (1995) 10 Cal.4th 645 [42 Cal.Rptr.2d 324, 913 P.2d 878]; *Homestead Ins. Co.* v. *American Empire Surplus Lines Ins. Co.* (1996) 44 Cal.App.4th 1297 [52 Cal.Rptr.2d 268]) constituted a "change of law" within the meaning of Code of Civil Procedure section 1008, subdivision (c).[1] In 1997, Judge Baker granted reconsideration and vacated Judge Wisot's summary adjudication ruling.[2]

International filed a petition for a writ of mandate, contending Judge Baker had no jurisdiction to reconsider Judge Wisot's ruling because there had not been a "change of law" within the meaning of section 1008. International's artfully crafted writ petition suggested that a 1992 amendment to section 1008 raised a significant issue, and we therefore issued an order to show cause and set the matter for hearing.[3]

---

[1] All section references are to the Code of Civil Procedure. The parties' names and their claims are reduced to the lowest common denomination.

[2] Although an order made by one judge ordinarily cannot be reconsidered by another judge of the same court, the unavailability of the first judge (such as by retirement) authorizes a new judge to entertain the reconsideration motion (*Ziller Electronics Lab GmbH* v. *Superior Court* (1988) 206 Cal.App.3d 1222, 1232 [254 Cal.Rptr. 410]).

[3] This is the sixth time this case has been before us. In 1991, there was *International Ins. Co.* v. *Montrose Chemical Corp.* (June 28, 1991) B052280 (nonpub. opn.). In 1992, on its way to the Supreme Court, there was *Montrose Chemical Corp.* v. *Admiral Ins. Co.** (Cal.App.) In 1993, there were two appeals, *Montrose Chemical Corp.* v. *Home Ins.* (Apr. 28, 1993) B049974 (nonpub. opn.), and *Montrose Chemical Corp.* v. *American Motorists Ins. Co.*† (Cal.App.) In 1994, there was *Montrose Chemical Corp.* v. *Superior Court* (June 8, 1994) B076530 (nonpub. opn.). In 1995 and 1996, we had two years off for good behavior.

---

*Reporter's Note: Review granted May 21, 1992 (S026013).

†Reporter's Note: Review granted April 29, 1993 (S031548).

## Discussion

As enacted in 1978, section 1008 did not include a "change of law" provision.[4] As amended, it does: "If a court at any time determines that there has been a change of law that warrants it to reconsider a prior order it entered, it may do so on its own motion and enter a different order." (Stats. 1992, ch. 460, § 4, pp. 1832-1833; § 1008, subd. (c).)[5] Whatever confusion there might have been about other incomprehensible aspects of the statute's original hieroglyphics (*Baldwin* v. *Home Savings of America* (1997) 59

---

[4]As enacted, section 1008 provided: "(a) When an application for an order has been made to a judge, or to the court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, within ten (10) days after knowledgean alleged different state of facts may, make application to the same judge who made the order, to reconsider the matter and modify, amend or revoke the prior order. [¶] (b) When the party who originally made an application for an order which was refused in whole or part, or granted conditionally or on terms, makes a subsequent application for the same order upon an alleged different state of facts, it shall be shown by affidavit what application was made before, when and to what judge, what order or decision was made thereon, and what new facts are claimed to be shown. For a failure to comply with this requirement, any order made on such subsequent application may be revoked or set aside on ex parte motion. [¶] (c) A violation of this section may be punished as a contempt; and an order made contrary thereto may be revoked by the judge or commissioner who made it, or vacated by a judge of the court in which the action or proceeding is pending." (Added by Stats. 1978, ch. 631, § 2, p. 2084; amended by Stats. 1992, ch. 460, § 4, pp. 1832-1833.)

[5]There were other significant changes, and the statute now includes several references to new or different "law" as well as new or different facts: "(a) When an application for an order has been made to a judge, or to a court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and *based upon new or different facts, circumstances, or law,* make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order. The party making the application shall state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what *new or different facts, circumstances, or law* are claimed to be shown. [¶] (b) A party who originally made an application for an order which was refused in whole or part, or granted conditionally or on terms, may make a subsequent application for the same order upon *new or different facts, circumstances, or law,* in which case it shall be shown by affidavit what application was made before, when and to what judge, what order or decisions were made, and *what new or different facts, circumstances, or law* are claimed to be shown. For a failure to comply with this subdivision, any order made on a subsequent application may be revoked or set aside on ex parte motion. [¶] (c) *If a court at any time determines that there has been a change of law that warrants it to reconsider a prior order it entered, it may do so on its own motion and enter a different order.* [¶] (d) A violation of this section may be punished as a contempt and with sanctions as allowed by Section 128.5. In addition, an order made contrary to this section may be revoked by the judge or commissioner who made it, or vacated by a judge of the court in which the action or proceeding is pending. [¶] (e) This section specifies the court's jurisdiction with regard to applications for reconsideration of its orders and renewals of previous motions, and applies to all applications to reconsider any order of a judge or court, or for the renewal of a previous motion, whether the order deciding the previous matter or motion is interim or final. No application to reconsider any order or for the renewal of a previous motion may be considered by any judge or court unless made according to this section. [¶] (f) *For the purposes of this*

Cal.App.4th 1192, 1198-1199 [69 Cal.Rptr.2d 592]; *Garcia* v. *Hejmadi* (1997) 58 Cal.App.4th 674, 685-686 [68 Cal.Rptr.2d 228]), we do not share International's view that an appellate Rosetta Stone is required to decipher "change of law." To the contrary, we think subdivision (c) of section 1008 means exactly what it says—when a trial court concludes there has been a change of law that warrants reconsideration of a prior order, it has jurisdiction to reconsider and change its order. International's contention that a "change of law" occurs only when the "controlling rules of law have been altered or clarified [so that] adherence to the previous decision would result in [the defeat of] a just cause" is creative but unnecessarily convoluted and wholly unsupported by any relevant authority.

We see no reason why, without more, a trial court's decision about what is or isn't a "change of law" ought to justify writ relief, and International does not address this issue. (See *Lackner* v. *LaCroix* (1979) 25 Cal.3d 747, 753 [159 Cal.Rptr. 693, 602 P.2d 393] [an order denying summary adjudication is reviewable on appeal from the final judgment].) We seldom use extraordinary writs to review interlocutory summary adjudication orders (grants or denials) and we see no reason why, absent other compelling facts, we ought to use the writ procedure to review orders that grant or deny reconsideration of a summary adjudication order based upon a "change of law."

### DISPOSITION

The petition for a writ of mandate is denied. Rhone-Poulenc is awarded its costs of these writ proceedings.

Spencer, P. J., and Masterson, J., concurred.

---

*section, an alleged new or different law shall not include a later enacted statute without a retroactive application.*" (§ 1008, emphasis added.)