[No. B184281. Second Dist., Div. Seven. Nov. 20, 2006.]

ELIAS VALDEZ, Plaintiff and Appellant, v.
DOUGLAS HIMMELFARB et al., Defendants and Respondents.

## Counsel

David M. Shaby & Associates and John J. Jackman for Plaintiff and Appellant.

Knee, Ross & Silverman, Howard M. Knee and Michael L. Ludwig for Defendant and Respondent Douglas Himmelfarb.

## Opinion

**JOHNSON, Acting P. J.**—An employer who failed to carry workers' compensation insurance as required by law is being sued by a former employee for personal injury, unfair competition and declaratory relief. Plaintiff Elias Valdez claims he was injured in the course of his employment as a cook, janitor, dishwasher and gardener at defendants' Malibu restaurant. Defendants' motion for summary judgment did not dispute Valdez's allegation they failed to carry workers' compensation insurance for their employees. Rather, defendants contended Valdez's causes of action for negligence and declaratory relief were barred by the one-year statute of limitations in effect at the time of his injury and his unfair competition cause of action failed to include a prayer for relief within the trial court's jurisdiction. The trial court granted defendants' summary judgment motion and sanctioned Valdez and his attorneys jointly in the sum of $54,601 for bringing the action in bad faith.

Valdez filed a timely appeal from the judgment for defendants but no appeal was filed on behalf of Valdez or his attorneys from the sanction order.

As we shall explain, the trial court committed prejudicial error in its analysis of the applicable statutes of limitations. This error not only requires reversal of the judgment for defendants but undermines the basis for the court's sanction order. Although we have no jurisdiction to reverse that order,[1] it would be an abuse of discretion for the trial court, after remand, not to reconsider its order under Code of Civil Procedure section 1008, subdivision (c).

---

[1] An order imposing sanctions in excess of $5,000 is an appealable order. (Code Civ. Proc., § 904.1, subd. (a)(12).) If an order is appealable, an aggrieved party must file a timely appeal from the order to obtain appellate review; a notice of appeal from the judgment alone is insufficient. (*Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 212, 239 [26 Cal.Rptr.3d 798].)

## FACTS AND PROCEEDINGS BELOW

The principal facts are undisputed.

In 2001 Valdez filed a timely workers' compensation claim with the Workers' Compensation Appeals Board (WCAB) alleging he injured his lower back while removing a tree stump at the direction of his employer and in the course of his employment at the Mission Club where he worked as an "assistant cook, laborer, janitor, dishwasher and gardener."

In May 2003 Valdez filed the present action for personal injury, unfair competition and declaratory relief alleging the Mission Club was a business operated by defendant Himmelfarb and others who "intentionally and without good cause . . . failed and refused to maintain workers' compensation coverage for the benefit of their employees all as required by law."[2] In his unverified complaint Valdez alleged he discovered defendants' lack of workers' compensation insurance in August 2002.

Defendants answered with a general denial and moved for summary judgment and sanctions against Valdez and his attorneys.

As to the personal injury cause of action defendants based their motion on evidence "plaintiff discovered defendants did not maintain workers' compensation insurance prior to December 31, 2001 and as early as August 2001."[3] Defendants argued, and the trial court agreed, a personal injury action against an employer who does not have workers' compensation insurance must be filed within one year from the date the plaintiff discovers the employer is uninsured. The court found there was undisputed evidence showing Valdez had actual or constructive knowledge defendants were uninsured at least by December 20, 2001, and therefore his personal injury action filed in May 2003 was time-barred.[4] This ruling also disposed of the declaratory relief claim because that cause of action is inextricably tied to the personal injury claim.[5]

---

[2] The purpose of the declaratory relief cause of action is to obtain a prejudgment attachment of defendants' property to secure the payment of any judgment ultimately obtained from an uninsured employer. (Lab. Code, § 3707.)

[3] Defendants Ruth and Ella Hirshfield moved for summary judgment on the separate ground they were not Valdez's employers. The trial court did not address that issue and the parties have not briefed it on appeal. Therefore we will not consider that issue in this opinion.

[4] We note, however, the first WCAB document naming Himmelfarb as Valdez's employer was dated March 15, 2002. But even if this was the date on which Valdez first discovered Himmelfarb was his uninsured employer the complaint was filed more than a year after this discovery.

[5] *Embarcadero Mun. Improvement Dist. v. County of Santa Barbara* (2001) 88 Cal.App.4th 781, 793 [107 Cal.Rptr.2d 6].

Treating the motion for summary judgment as to the unfair competition cause of action as a motion for judgment on the pleadings the trial court granted the motion on the ground the prayer of the complaint did not ask for an injunction or restitution, the only remedies available to a private party under the unfair competition law.

The trial court also granted defendants' motion for sanctions under Code of Civil Procedure section 128.7 against Valdez and his attorneys in this action.[6] The court reasoned defendants "conclusively established" Valdez knew no later than December 2001 defendants did not have workers' compensation insurance. Therefore: "If the complaint had at all times so reflected the truth, defendants could have successfully demurred and saved themselves the time and expense of this lawsuit." The court sanctioned Valdez and his attorneys $54,601 for their "bad faith."

## DISCUSSION

I. *DEFENDANTS FAILED TO PRODUCE UNDISPUTED EVIDENCE SHOWING THE STATUTE OF LIMITATIONS HAD RUN ON VALDEZ'S PERSONAL INJURY CAUSE OF ACTION.*

■ The strong public policy for employers to compensate their injured employees is reflected in our state Constitution, which vests the Legislature with "plenary power . . . to create, and enforce a complete system of workers' compensation . . . and in that behalf to create and enforce a liability on the part of any or all persons to compensate any or all of their workers for injury or disability . . . sustained by the said workers in the course of their employment, irrespective of the fault of any party . . . [and to] accomplish substantial justice in all cases expeditiously, inexpensively, and without incumbrance [*sic*] of any character; all of which matters are expressly declared to be the social public policy of this State . . . ."[7]

In carrying out this public policy the Legislature has directed the workers' compensation laws "shall be liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment."[8] Normally this liberal construction operates in favor of awarding workers' compensation, not in permitting civil litigation.[9]

---

[6] Valdez is represented in this action by a different law firm than handled his workers' compensation claim.

[7] California Constitution, article XIV, section 4.

[8] Labor Code section 3202.

[9] *Arriaga v. County of Alameda* (1995) 9 Cal.4th 1055, 1065 [40 Cal.Rptr.2d 116, 892 P.2d 150].

As we discuss below, however, the Legislature has made an exception to the rule favoring workers' compensation over civil litigation when the employer is illegally uninsured.

■ An employer's failure to carry workers' compensation insurance for its employees can result in criminal punishment, including a fine or imprisonment or both,[10] administrative penalties[11] and a civil suit for damages by an injured employee.[12]

■ As relevant to this case Labor Code section 3700 requires "[e]very employer" to "secure the payment of compensation in one or more of the following ways: [¶] (a) By being insured against liability to pay compensation by one or more insurers . . . [or] [¶] (b) By securing from the Director of Industrial Relations a certificate of consent to self-insure . . . ." Absent compliance with one of these alternatives an employee is not subject to the exclusive remedy of workers' compensation but may bring a claim before the WCAB and a tort action against the uninsured employer.[13] This is what Valdez chose to do. He first filed a workers' compensation claim with the WCAB under Labor Code section 3715 and later filed a personal injury action in the superior court under Labor Code section 3706.

As we discuss below, in an action brought under Labor Code section 3706 an employer's liability is determined under rules of pleading and proof, which differ significantly from those of a common law personal injury action. For that reason we conclude section 3706 creates a statutory cause of action for personal injuries subject to the three-year statute of limitations.[14]

As an independently sufficient reason for reversing the judgment we conclude even if the former one-year statute of limitations for negligence actions applies to this case the statute was tolled while Valdez pursued his workers' compensation remedy.[15]

---

[10] Labor Code section 3700.5.

[11] Labor Code section 3711.

[12] Labor Code section 3706.

[13] *DuBois v. Workers' Comp. Appeals Bd.* (1993) 5 Cal.4th 382, 392 [20 Cal.Rptr.2d 523, 853 P.2d 978]. Labor Code section 3706 states: "If any employer fails to secure the payment of compensation, any injured employee or his dependents may bring an action at law against such employer for damages, as if this division did not apply." Labor Code section 3715, subdivision (a) provides in relevant part: "Any employee . . . whose employer has failed to secure the payment of compensation as required by this division, . . . may, in addition to proceeding against his or her employer by civil action in the courts as provided in Section 3706, file his or her application with the appeals board for compensation . . . in like manner as in other claims . . . ."

[14] Code of Civil Procedure section 338, subdivision (a).

[15] *Elkins v. Derby* (1974) 12 Cal.3d 410 [115 Cal.Rptr. 641, 525 P.2d 81].

Under either alternative holding it is irrelevant whether Valdez discovered defendants' lack of workers' compensation insurance in December 2001 or March 2002. Thus there is no basis for the trial court's sanction order, which was premised on the theory if Valdez had alleged the "true" date of discovery defendants could have prevailed on a demurrer to the complaint and saved the time and expense of a summary judgment motion.

> A. *A Suit Based on Labor Code Section 3706 Is Governed by the Three-year Limitation Period Because the Employer's Liability Is Created by Statute.*

■ Under Code of Civil Procedure section 338, subdivision (a) an action may be brought within three years if it is "[a]n action upon a liability created by statute, other than a penalty or forfeiture."

■ As a general rule, an action brought under Labor Code section 3706 differs markedly from a common law negligence action. In describing these differences in *Rideaux v. Torgrimson* our Supreme Court explained: "If an employer fails to secure the payment of compensation, either an injured employee or his dependents may sue the employer . . . for damages. In such an action the plaintiff may attach the property of the employer and is given the benefit of a presumption that the employer was negligent. The employer may not defend upon the ground that the employee was contributorily negligent, or assumed the risk of the hazards attending his employment, or that he was injured through the negligence of a fellow servant."[16] After considering the dissimilarities between the two actions the court concluded the Legislature, by enacting the predecessor to Labor Code section 3706, "provided a statutory cause of action for personal injuries quite different from that of the common law."[17] In *Hall v. Copco Pacific, Ltd.* the Ninth Circuit, relying on *Rideaux*'s construction of section 3706 as creating "a statutory cause of action," held an action brought under that section was subject to the three-year limitations period for an action "upon 'a liability created

---

[16] *Rideaux v. Torgrimson* (1939) 12 Cal.2d 633, 636 [86 P.2d 826].

[17] *Rideaux v. Torgrimson, supra,* 12 Cal.2d at page 636 (construing § 29b of the Workmen's Compensation Insurance and Safety Act of 1917, the predecessor of Lab. Code, §§ 3706 & 3708). We acknowledge there is dictum in *Rideaux* describing Labor Code section 3706 as "having somewhat the nature of a penalty." (*Rideaux, supra,* 12 Cal.2d at p. 637.) An action on a statutory "penalty" is expressly excluded from the three-year limitations period of Code of Civil Procedure section 338, subdivision (a) and falls within the one-year limitations period of Code of Civil Procedure section 340, subdivision (a) if the action is given to an individual. An action on a penalty, however, is generally considered one in which the plaintiff is allowed to recover from a wrongdoer without regard to the actual damages sustained. (*Low v. Lan* (2002) 96 Cal.App.4th 1371, 1381 [118 Cal.Rptr.2d 60].) In this context, Labor Code section 3706 is clearly remedial in nature, not penal.

by statute.' "[18] The Court of Appeal concurred with *Hall* in *Lewis v. Hinman-Ball & Bonner* observing: "The statute of limitations upon an action under Labor Code, section 3706, appears to be no more than three years."[19]

■ In the present case the undisputed facts show Valdez was injured in July 2001 and commenced his Labor Code section 3706 action in May 2003, less than three years from the date of his injury. Thus, regardless of when Valdez discovered defendants were uninsured he brought this action well within the three-year limitations period of Code of Civil Procedure section 338, subdivision (a).[20]

> B. *Valdez's Personal Injury Action Is Not Barred by the One-year Statute of Limitations Because the Statute Was Equitably Tolled While He Pursued His Workers' Compensation Claim.*

As a separate and independently sufficient reason for reversing the summary judgment as to the personal injury cause of action we hold, under our Supreme Court's decision in *Elkins v. Derby*,[21] even if the former one-year statute of limitations for a negligence action applied to this case the statute was tolled until Valdez obtained a final determination of his workers' compensation claim.

In arguing the one-year statute of limitations bars Valdez's personal injury cause of action defendants rely on the provision of Labor Code section 3706 which states an employee of an uninsured employer may bring an action for damages "as if [the workers' compensation law] did not apply." If the workers' compensation law "does not apply," defendants reason, then an

---

[18] *Hall v. Copco Pacific, Ltd.* (9th Cir. 1955) 224 F.2d 884, 885 (construing former Code Civ. Proc., § 338(1), now § 338, subd. (a)).

[19] *Lewis v. Hinman-Ball & Bonner* (1957) 154 Cal.App.2d 710, 714–715 [316 P.2d 673], citing *Hall v. Copco Pacific, Ltd., supra*, 224 F.2d at page 886; see also 1 Hanna, California Law of Employee Injuries and Workers' Compensation (rev. 2d ed. 2006) section 11.02[4][m], page 11-35: "[I]f the suit is based on Labor Code Section 3706, it is covered by the three-year statutory period of Code of Civil Procedure Section 338(a), because the employer's liability is created by statute." (Citing *Hall v. Copco Pacific, Ltd., supra*, 224 F.2d at p. 886.)

[20] Because Valdez filed his civil action within three years from the date of his injury we need not decide whether a cause of action under Labor Code section 3706 accrues at a later date, e.g., the date the employee discovers his employer is uninsured, or whether the limitations period is tolled while the employee pursues his workers' compensation remedy against the uninsured employer under Labor Code section 3715. But see discussion in part B., below.

[21] *Elkins v. Derby, supra*, 12 Cal.3d at pages 414–420.

action authorized by Labor Code section 3706 must be governed by the laws governing negligence actions generally including the statute of limitations for an action based on negligence.[22] The limitations period begins to run, defendants maintain, when the employee discovers the employer is uninsured.

Defendants' argument overlooks our high court's decision in *Elkins v. Derby*, which held the one-year period for bringing a personal injury action was tolled while the plaintiff, acting in good faith, pursued his workers' compensation remedy against his employer.[23] Although Elkins's personal injury action did not arise under Labor Code section 3706 we conclude the court's reasoning is applicable to such cases.

In *Elkins* the plaintiff first pursued a workers' compensation claim against defendants whom he believed were his employers. Several months later the workers' compensation referee determined the plaintiff had not been an employee of the defendants at the time of his injury and dismissed his claim. Approximately one month after the referee's decision became final the plaintiff filed a personal injury action against the same defendants for the same injury which had served as the basis for his workers' compensation claim. The trial court sustained the defendants' demurrer on the ground the action was barred by the one-year statute of limitations because it was filed more than a year from the date of the plaintiff's injury.[24] The Supreme Court reversed, holding the plaintiff's action was not barred by the one-year statute of limitations because the limitations period was equitably tolled while he pursued his workers' compensation claim.[25]

The court gave several reasons for tolling the statute of limitations on Elkins's personal injury cause of action.

Principally, the court concluded tolling would not interfere with the primary purpose of the statute of limitations to " '[prevent] surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.' "[26] Loss of

---

[22] At all times relevant to this action former Code of Civil Procedure section 340, subdivision (3) required an action for any injury "caused by the wrongful act or neglect of another" to be brought "within one year."

[23] *Elkins v. Derby, supra,* 12 Cal.3d at pages 414–420.

[24] *Elkins v. Derby, supra,* 12 Cal.3d at page 413.

[25] *Elkins v. Derby, supra,* 12 Cal.3d at page 412.

[26] *Elkins v. Derby, supra,* 12 Cal.3d at page 417, footnote omitted.

evidence is not a concern because the "[d]efendants' interest in being promptly apprised of claims against them in order that they may gather and preserve evidence is fully satisfied when prospective tort plaintiffs file compensation claims within one year of their injuries."[27] The court also pointed out a civil action, even if filed while the compensation claim was pending, would normally not move forward until the compensation claim was resolved.[28] Finally, the court noted *requiring* an injured employee to maintain duplicate actions against the employer before the WCAB and a civil court might work an inequity upon an injured employee, would be "inefficient, awkward and laborious" and lead to the assertion of "mutually inconsistent" allegations before different tribunals.[29]

 In sum, *Elkins* stands for the proposition that when an injured person has two legal remedies and reasonably and in good faith pursues one, the statute of limitations should not bar pursuit of the second unless doing so would unfairly prejudice the defendant.[30]

 Defendants have not shown prejudice in the present case. They make a perfunctory argument "evidence has been lost, memories have faded, and witnesses may have disappeared" but they produced no evidence to back up these contentions. Furthermore, in *Elkins* the Supreme Court held as a matter of law the likelihood "the employer will suffer prejudice if the compensation claimant files a tort action more than one year after the date of injury is minimal."[31] The court reasoned filing the workers' compensation claim is enough to put an employer on notice it needs to identify and locate witnesses with knowledge of the events causing the injury and the nature and extent of the injury.[32] "The likelihood, however, that the employer will suffer prejudice if the compensation claimant files a tort action more than one year after the date of injury is minimal. After the filing of a compensation claim, the employer can identify and locate persons with knowledge of the events or circumstances causing the injury. By doing so, he takes the critical steps necessary to preserve evidence respecting fault. Although he may choose not

---

[27] *Elkins v. Derby, supra,* 12 Cal.3d at pages 417–418.

[28] *Elkins v. Derby, supra,* 12 Cal.3d at page 417, footnote 4.

[29] *Elkins v. Derby, supra,* 12 Cal.3d at pages 419–420.

[30] See our discussion of *Elkins* in *Collier v. City of Pasadena* (1983) 142 Cal.App.3d 917, 923 [191 Cal.Rptr. 681] (statute of limitations for disability pension claim tolled while pursuing workers' compensation claim).

[31] *Elkins v. Derby, supra,* 12 Cal.3d at page 418.

[32] *Elkins v. Derby, supra,* 12 Cal.3d at page 418. In the present case Valdez filed his workers' compensation claim within a month from the date of his injury giving defendants early warning they needed to gather evidence regarding the claim.

to gather evidence bearing on fault from these parties when faced only with a compensation claim, he will be able in most instances to recontact these people, particularly if they are continuing employees, for further evidentiary contributions should a controversy as to fault later arise in a tort action."[33]

In a case such as the one before us, where the employer knows it is uninsured, it has an even greater incentive to initially gather evidence of fault because it can anticipate having to rebut the presumption of negligence in a civil action under Labor Code section 3706.[34] As the court explained in *Elkins*, an employer who even suspects the claimant may seek tort remedies "may well choose to obtain evidence of fault immediately upon the filing of a compensation application even though no court action has yet been initiated."[35] The employer cannot assume the claimant will *not* file a tort action. "He thus may elect to gather evidence of fault immediately in order to save himself the trouble later."[36]

Defendants attempt to distinguish *Elkins* on the ground the plaintiff in that case filed his civil complaint within a month after learning he was not eligible for workers' compensation and only a year and three months from his date of injury. In contrast Valdez did not file his civil complaint until more than a year after learning defendants were uninsured and almost two years after his date of injury. We find this argument unpersuasive. Even if Valdez had filed his civil action the same day he learned defendants were uninsured the action would have been held in abeyance pending a determination of his workers' compensation claim.[37] As previously noted, Labor Code section 3715 explicitly permits an employee of an uninsured employer to proceed simultaneously on a workers' compensation claim and a civil action for negligence.[38] Furthermore an interval of less than two years between Valdez's injury in July 2001 and the filing of his civil suit in May 2003 is not unreasonable considering that effective January 1, 2003, the limitations period for bringing a negligence action increased from one year to two.[39] If Valdez had suffered his injury a year later this case would not even be before us.

---

[33] *Elkins v. Derby, supra,* 12 Cal.3d at page 418.

[34] See Labor Code section 3706 discussed at page 1269, above.

[35] *Elkins v. Derby, supra,* 12 Cal.3d at page 418.

[36] *Elkins v. Derby, supra,* 12 Cal.3d at page 418.

[37] *Elkins v. Derby, supra,* 12 Cal.3d at page 417, footnote 4.

[38] See *Aetna Casualty & Surety Co. v. Aceves* (1991) 233 Cal.App.3d 544, 558–559 [284 Cal.Rptr. 477].

[39] Code of Civil Procedure section 335.1 providing a two-year limitations period replaced Code of Civil Procedure section 340, subdivision (3) effective January 1, 2003. (Stats. 2002, ch. 448, § 2.)

Nor is there any merit in defendants' argument Valdez cannot rely on equitable tolling to defeat their motion for summary judgment because he did not plead facts to support that theory in his complaint.[40] Valdez pled all the facts necessary to raise the issue of equitable tolling under the alternative remedies rule of *Elkins*. His complaint alleged he was employed by defendants, he was injured in the course and scope of his employment, he filed a workers' compensation claim against defendants, he subsequently learned defendants did not carry workers' compensation insurance and he was bringing this action under Labor Code section 3706.

In addressing the issue of when the tolling period ends, *Elkins* stated: "There can be little doubt that a tolling rule must suspend the running of the limitations period through the date on which the final compensation decision becomes final rather than the date on which the first compensation decision is filed."[41] It is not clear what the high court meant by "the date on which the final compensation decision becomes final." In the workers' compensation system a "final compensation decision" may not occur for 10 years or more after the claim is filed if by "final compensation decision" the court meant a final adjudication of issues regarding the claimant's permanent disability.

We do not believe the *Elkins* court meant the tolling period could extend for the length of time it takes to adjudicate the claimant-plaintiff's permanent disability. This would make no sense in the context of the *Elkins* case because the plaintiff in *Elkins* was denied workers' compensation benefits on the ground he was not an employee of the alleged employer. There would never have been an adjudication of the plaintiff's permanent disability because he was not entitled to any workers' compensation benefits. Furthermore, none of the cases the court cited on the tolling issue involved the extent of a workers' compensation claimant's disability. In fact, none of the cases the court cited involved workers' compensation.[42] The only similarity between *Elkins* and the cases it cited is that they all could be loosely described as involving "coverage" or "eligibility" issues. We believe, therefore, when the *Elkins* court used the term "final compensation decision" it was referring to a threshold determination such as the claimant's lack of eligibility or the

---

[40] See *Mills v. Forestex Co.* (2003) 108 Cal.App.4th 625, 641 [134 Cal.Rptr.2d 273].

[41] *Elkins v. Derby, supra*, 12 Cal.3d at page 413, footnote 1.

[42] *Elkins v. Derby, supra*, 12 Cal.3d at page 413, footnote 1, citing *Myers v. County of Orange* (1970) 6 Cal.App.3d 626, 634–635 [86 Cal.Rptr. 198]; *Lee C. Hess Co. v. City of Susanville* (1959) 176 Cal.App.2d 594, 598 [1 Cal.Rptr. 586]; *County of Santa Clara v. Hayes Co.* (1954) 43 Cal.2d 615, 619 [275 P.2d 456]; *Record Machine & Tool Co. v. Pageman Holding Corp.* (1959) 172 Cal.App.2d 164, 175 [342 P.2d 402].

employer's lack of insurance which would trigger the claimant's right to seek a tort remedy in a civil action.

■ Assuming an action under Labor Code section 3706 is subject to the limitations period for an ordinary negligence action we hold the time for bringing such an action is equitably tolled until there has been a final determination in the workers' compensation proceeding the employer is uninsured. This tolling, of course, is subject to the rule a person who seeks equity must do equity.[43] Thus tolling may end if the employer can show the plaintiff has unreasonably delayed a final determination as to whether the employer is insured.[44]

## II. *IT WOULD BE AN ABUSE OF DISCRETION FOR THE TRIAL COURT NOT TO RECONSIDER ITS SANCTION ORDER UPON REMAND.*

Under Code of Civil Procedure section 1008, subdivision (c), "If a court at any time determines that there has been a change of law that warrants it to reconsider a prior order it entered, it may do so on its own motion and enter a different order." This provision applies to all orders, interim and final.[45]

Our decision on the statute of limitations issue in this case constitutes a "change of law" for purposes of Code of Civil Procedure section 1008, subdivision (c).[46] Although our decision is not without precedent, no previous California appellate court decision specifically held actions under Labor Code section 3706 are covered by the three-year statute of limitations in Code of Civil Procedure section 338, subdivision (a) or that a section 3706 action is subject to equitable tolling under the rule announced in *Elkins v. Derby*. Our decision is certainly a change in the law from what the trial court believed the law to be. The trial court ruled Code of Civil Procedure section 338, subdivision (a) "does not apply because Labor Code section 3706 does not create a cause of action." We have held to the contrary.[47] The trial court also ruled Valdez's arguments based on *Elkins v. Derby*, equitable tolling and Labor

---

[43] See *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 180 [96 Cal.Rptr.2d 518, 999 P.2d 706].

[44] See *Prudential-LMI Com. Insurance v. Superior Court* (1990) 51 Cal.3d 674, 700 [274 Cal.Rptr. 387, 798 P.2d 1230].

[45] Code of Civil Procedure section 1008, subdivision (d).

[46] See *International Ins. Co. v. Superior Court* (1998) 62 Cal.App.4th 784, 786–787 [72 Cal.Rptr.2d 849] (an appellate decision may constitute a "change of law" for purposes of Code of Civil Procedure section 1008, subdivision (c)).

[47] See discussion at page 1269, above.

Code section 3706 were not "relevant to this motion." We have held to the contrary on this point as well.[48]

The change of law represented by our decision cuts the ground from under the trial court's $54,000 sanction order, which was based on the premise there would have been no need for defendants to litigate a summary judgment motion if Valdez's complaint had "reflected the truth" about when Valdez discovered defendants were uninsured (which the trial court determined was no later than December 2001). If Valdez's complaint had alleged the correct date, the court reasoned, "defendants could have successfully demurred and saved themselves the time and expense of this lawsuit." As we have held, however, the date on which Valdez discovered his employer was uninsured is irrelevant to the question whether his action is time-barred. Furthermore, prior to defendants' filing their motion for summary judgment, counsel for Valdez wrote to counsel for defendants explaining why he believed the statute of limitations was tolled under the holding in *Elkins v. Derby*. Defendants chose to ignore this letter and litigate the issue. This of course was their right but it would be logically indefensible to allow defendants to collect $54,000 from Valdez for making legal arguments an appellate court has rejected.

### III. *VALDEZ'S FAILURE TO PRAY FOR RELIEF WITHIN THE COURT'S JURISDICTION IS NOT FATAL TO HIS CAUSE OF ACTION FOR UNFAIR COMPETITION.*

Treating defendants' motion for summary judgment on the unfair competition cause of action as a motion for judgment on the pleadings,[49] the court granted the motion on the ground the complaint failed to pray for injunctive or restitutionary relief, the only two remedies available to a private party under the unfair competition law.[50]

 Failure to pray for the proper form of relief is not fatal to a complaint.[51] On remand the trial court should allow Valdez to amend his complaint to request the appropriate relief.[52]

---

[48] See discussion at pages 1270–1275, above.

[49] See *Cordova v. 21st Century Ins. Co.* (2005) 129 Cal.App.4th 89, 109 [28 Cal.Rptr.3d 170].

[50] *Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1144 [131 Cal.Rptr.2d 29, 63 P.3d 937].

[51] Code of Civil Procedure section 580, subdivision (a) states in relevant part: "[T]he court may grant the plaintiff any relief consistent with the case made by the complaint and embraced within the issue." Defendants do not contend the complaint fails to state facts sufficient to support injunctive or restitutionary relief.

[52] Compare *Mills v. Forestex Co., supra,* 108 Cal.App.4th at page 641.

## DISPOSITION

The judgment is reversed. Appellant is awarded his costs on appeal.

Woods, J., and Zelon, J., concurred.