Filed 10/13/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| STATE OF CALIFORNIA, | B276233 |
| Petitioner, | (Los Angeles County Super. Ct. No. BS149154) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| COLLEEN FLYNN, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate. Mary H. Strobel, Judge. Petition granted.

Kamala D. Harris, Attorney General, Kathleen A. Kenealy, Chief Assistant Attorney General, Kristin G. Hogue, Senior Assistant Attorney General, Joel A. Davis, Supervising Deputy Attorney General, Donna M. Dean, Deputy Attorney General, for Petitioner.

No appearance by Respondent.

Donald W. Cook for Real Party in Interest.

_____

Petitioner State of California (the State) seeks extraordinary writ relief to compel respondent court to vacate its June 24, 2016 order directing the State to produce unredacted records containing information derived from CHP 180 forms in the possession of the California Highway Patrol (CHP). The State contends CHP 180 forms contain personal information exempt from disclosure under the California Public Records Act (CPRA) (Gov. Code, § 6250 et seq.),[1] as set forth in *County of Los Angeles v. Superior Court* (2015) 242 Cal.App.4th 475. We agree, and direct respondent court to set aside its June 24, 2016 order and enter a new order directing the State to produce all electronically stored data derived from CHP 180 forms in the possession of the CHP, redacting all personal information exempt from disclosure under the CPRA.

## STATEMENT OF FACTS

According to the CHP's Vehicle Procedures Manual, a CHP officer "may direct a vehicle to be removed, impounded, or seized." A CHP 180 form must "be completed for every vehicle which is stored or impounded." The officer must sign the completed CHP 180 form prior to releasing the vehicle to the tow operator and require the tow operator to sign the CHP 180 form. Additionally, the officer must provide the yellow copy of the signed CHP 180 form to the tow operator and the original is

_____

[1] All further statutory references are to the Government Code, unless otherwise stated.

2

retained at the local CHP office. The copy given to the tow operator includes, but is not limited to the following information: vehicle identification number; driver license number(s); registered owner(s) and legal owner(s) and their address(es); the statutory towing authority; a checklist pertaining to the vehicle's condition; a short narrative indicating the reason for the tow along with other pertinent information; a list of items inventoried inside the vehicle if applicable; and notes pertaining to the release conditions of the vehicle if applicable. After removal and storage of a vehicle, the CHP must notify the registered and legal owner(s) on record for the opportunity for a post-storage hearing to determine the validity of the storage. (Veh. Code, § 22852.)

## PROCEDURAL HISTORY

In an April 14, 2014 letter, Flynn requested that the Department of Justice (the DOJ) and the CHP produce electronically stored data derived from CHP 180 forms pursuant to the CPRA. On April 15, 2014, the CHP responded to Flynn's request, seeking clarification. Flynn responded by letter dated April 21, 2014. On April 22, 2014, the CHP sought further clarification.

On June 16, 2014, Flynn filed a petition for writ of mandate pursuant to the CPRA requesting electronically stored data derived from CHP 180 forms maintained by the State. On August 1, 2014, the State filed an answer to the petition, acting by and through the CHP and DOJ. On April 28, 2015, Flynn filed her petitioner's brief in support of the petition for an order compelling disclosure pursuant to the CPRA request. Specifically, Flynn requested all electronically stored data

3

derived from CHP 180 forms maintained by the CHP as well as such data included in the Stolen Vehicle System (SVS) database maintained by the DOJ. On May 21, 2015, the State filed an opposition to the petition, and on June 8, 2015, Flynn filed a reply.

On June 23, 2015, Judge Luis A. Lavin granted the petition for writ of mandate, commanding the State to provide Flynn "with electronically stored data in electronic format on any CHP database or the DOJ's SVS database which is derived from the CHP 180 forms without redaction of any information derived from those forms. To the extent that the CHP and SVS databases contain information other than information derived from the CHP 180 forms, that information may be redacted or excluded from the electronic data that is provided to [Flynn]." On August 6, 2015, the State filed a petition for writ of mandate, challenging the court's June 23, 2015 order compelling the DOJ to extract and produce information maintained in its SVS database derived from CHP 180 forms. The State did not challenge the court's ruling as to CHP 180 forms derived from databases maintained by the CHP. Judgment directing issuance of the writ of mandate was entered on August 11, 2015.[2] On September 11, 2015, this court issued an alternative writ. On October 15, 2015, Judge Robert H. O'Brien vacated the judgment entered on August 11, 2015, in light of issuance of the alternative writ.

On January 20, 2016, this court filed its unpublished opinion in *State of California v. Superior Court* (B265930),

_____

[2] No notice of entry of judgment was served on the CHP, only on the DOJ.

4

granting the petition for writ of mandate. This court held, "The outcome of this appeal is controlled by the holding in *County of Los Angeles v. Superior Court* (2015) 242 Cal.App.4th 475."[3] This court further stated that "it bears emphasis that only a portion of the issues litigated in the respondent court are before us now. Much of the discussion in papers filed in the respondent court involves the California Highway Patrol. The respondent court ultimately ordered disclosure from two databases. The first database was that operated by the California Highway Patrol. There is no issue raised in the present writ proceeding concerning the orders directed at the California Highway Patrol."

After the remittitur was issued in *State of California v. Superior Court* on May 5, 2016, Judge Mary H. Strobel requested that the parties submit a joint statement setting forth their positions regarding the entry of a new judgment. On June 6, 2016, the parties submitted a joint statement of disagreement and proposed judgments, both addressing whether the court's June 23, 2015 order conforms to the opinion in *County of Los Angeles v. Superior Court*. At the June 21, 2016 hearing, the court heard arguments from the parties and took the issue of the judgment under submission.

On June 24, 2016, the court found "that it is bound by the direction from the Court of Appeal and the order previously issued by Judge Lavin." Moreover, "under the current posture of the proceeding, this court has no authority to change Judge Lavin's order regarding the CHP database. [The State] may be able to pursue other remedies, but none of those are before the court." The court then set aside the June 23, 2015 order and

---

[3] *County of Los Angeles v. Superior Court* was filed on November 20, 2015.

issued a new order as follows: "The petition for writ of mandate is granted in part and denied in part. A writ shall issue commanding the State to provide [Flynn] with electronically stored data in electronic format on any CHP database which is derived from the CHP 180 forms without redaction of any information derived from those forms. To the extent that the CHP database contains information other than information derived from the CHP 180 forms, that information may be redacted or excluded from the electronic data that is provided to [Flynn]. Electronically stored data in electronic format stored on the DOJ's SVS database shall not be disclosed." That same day, the court entered judgment granting Flynn's motion for issuance of a writ of mandate in part and denied in part.

On July 19, 2016, the State filed a petition for writ of mandate, challenging the June 24, 2016 order. On July 22, 2016, we issued an alternative writ directing respondent court to vacate its order and enter a new and different order, or show cause why a peremptory writ should not issue. Pending a determination of the merits of the petition or further order of this court, respondent court's June 24, 2016 order compelling the CHP to produce unredacted records containing data derived from CHP 180 forms was stayed. Respondent court elected not to comply with the alternative writ.

## DISCUSSION

The State challenges respondent court's June 24, 2016 order "commanding the State to provide [Flynn] with electronically stored data in electronic format on any CHP database which is derived from the CHP 180 forms without

6

redaction of any information derived from those forms."  Before turning to the merits, we address a threshold issue concerning the timeliness of the petition.  Relying on section 6259, subdivision (c), Flynn contends that the State's petition is untimely because the order compelling disclosure of CHP 180 data stored by the CHP was issued on June 23, 2015, and that order was never vacated by respondent court.  We disagree.

Under section 6259, subdivision (c), an order of the court directing disclosure by a public official "shall be immediately reviewable by petition to the appellate court for the issuance of an extraordinary writ."  Upon entry of the order, a party shall "file a petition within 20 days after service upon him or her of a written notice of entry of the order, or within such further time not exceeding an additional 20 days as the trial court may for good cause allow.  If the notice is served by mail, the period within which to file the petition shall be increased by five days." (*Ibid.*)  On June 24, 2016, Judge Strobel set aside the June 23, 2015 order and issued a new order compelling the State to disclose all electronically stored data derived from CHP 180 forms in the CHP databases.  Notice was served by mail to both parties.  The State then timely filed the instant petition challenging that order on July 19, 2016, within the statutorily mandated timeframe.

As to the merits, respondent court erred in failing to conform its June 24, 2016 order to this court's opinion in *County of Los Angeles v. Superior Court, supra,* 242 Cal.App.4th 475.  The court was incorrect in finding that it had no authority to change Judge Lavin's June 23, 2015 order regarding the CHP databases under the current posture of the proceeding.  Code of Civil Procedure section 1008, subdivision (c), explicitly provides,

7

"If a court at any time determines that there has been a change of law that warrants it to reconsider a prior order it entered, it may do so on its own motion and enter a different order." A "change of law" under section 1008, subdivision (c), "is always an appropriate basis, up until a final judgment is entered, for changing an interim order . . . ." (*Blake v. Ecker* (2001) 93 Cal.App.4th 728, 739, fn. 10 (*Blake*), disapproved on other grounds in *Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1107, fn. 5.) An appellate decision published during an action's pendency may be a change of law under section 1008, subdivision (c), and requires a trial court to reconsider its earlier ruling if the decision materially changed the law. (*Valdez v. Himmelfarb* (2006) 144 Cal.App.4th 1261, 1275-1276; *Blake, supra,* 93 Cal.App.4th at pp. 738-739; *International Ins. Co. v. Superior Court* (1998) 62 Cal.App.4th 784, 788 ["we think [section 1008, subdivision (c)] means exactly what it says—when a trial court concludes there has been a change of law that warrants reconsideration of a prior order, it has jurisdiction to reconsider and change its order"].) Even without a change of law, a trial court has the inherent power to reconsider its prior rulings on its own motion at any time before entry of judgment. (*Pinela v. Neiman Marcus Group, Inc.* (2015) 238 Cal.App.4th 227, 237; *Le Francois v. Goel, supra,* 35 Cal.4th at pp. 1096-1097, 1107.) "'"Miscarriage of justice results where a trial court is unable to correct its own perceived legal errors.'"" (*Kerns v. CSE Ins. Group* (2003) 106 Cal.App.4th 368, 389, fn. 18.)" (*Phillips v. Spring PCS* (2012) 209 Cal.App.4th 758, 768.)

Here, the opinion in *County of Los Angeles v. Superior Court* was filed seven months before respondent court issued its June 24, 2016 order. Additionally, the published decision

materially changed the law warranting reconsideration of the June 23, 2015 order.[4]  In *County of Los Angeles v. Superior Court, supra*, 242 Cal.App.4th at pages 478, 489, this court ordered the lower court to vacate its order compelling disclosure of all electronically stored CHP 180 forms maintained by the Los Angeles Sheriff's Department without redaction.  We held that CHP 180 forms contain personal information that is exempt from disclosure under the CPRA pursuant to sections 6254, subdivision (k), as a matter of law, reasoning that section 6254.1 of the Government Code and section 1808.21 of the Vehicle Code prohibit disclosure of a vehicle owner's residence or mailing address retrieved from Department of Motor Vehicle (DMV) records.  (*Id.* at pp. 478, 483.)  Additionally, "Vehicle Code section 1808.21 allows for a DMV record to be disclosed to a 'law enforcement agency,'" such as the CHP in this case.  (*Id.* at p. 484.)  When an officer fills out a CHP 180 form when storing or impounding a vehicle, he or she retrieves the names of the registered and legal owner(s) and address(es) from either registration paperwork or a registration check of the vehicle with the DMV database through CLETS (California Law Enforcement

---

[4] Respondent court acknowledged that *County of Los Angeles v. Superior Court* is controlling at the June 21, 2016 hearing.  At the hearing, Judge Strobel found, "I think, under any new judgment that is entered, this Court is going to be bound by [*County of Los Angeles v. Superior Court*]."  She concluded, "So what I would propose would be to enter a judgment as to the CHP 180 forms, which allows for redaction of name, address, photo, social security number, driver's license number, telephone number."  She further stated, "If there has been an intervening case that is directly on point, I think I'm bound by it."

9

Telecommunications System).  (*Ibid.*)  "Because this personal information originated from DMV records and was retrieved by a statutorily authorized agency," it remains protected from disclosure under Vehicle Code section 1808.21 and therefore also within the protection of section 6254.1 of the Government Code. (*Ibid.*)  This court further held "that disclosure of a vehicle owner's address(es) to tow companies does not constitute a waiver under section 6254.5 as it is required by law." (*Id.* at p. 486.) Lastly, "disclosure of any personal information from a state DMV record is dependent on the provisions of the [Driver's Privacy Protection Act of 1994 (DPPA) (18 U.S.C. § 2721 et seq.)]." (*Ibid.*) "The DPPA is a federal 'regulatory scheme that restricts the States' ability to disclose a driver's personal information without the driver's consent.' [Citation.]" (*Id.* at p. 487.)  "The DPPA defines personal information as 'information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information . . . .' (18 U.S.C. § 2725(3).)" (*Ibid.*)  Therefore, "CHP 180 forms fall squarely within the section 6254, subdivision (k) exemption, as disclosure of any personal information obtained from DMV records, without express consent of the vehicle owner, is prohibited by federal law under the DPPA." (*Id.* at p. 488.)

Here, Flynn seeks the same electronically stored data derived from CHP 180 forms, including the personal information exempt from disclosure under the CPRA.  Contrary to Flynn's contention, the fact that the records sought in *County of Los Angeles v. Superior Court* were the completed CHP 180 forms rather than all the data derived from CHP 180 forms, is a distinction without a difference.  In both cases, the records sought

10

contain personal information retrieved by a law enforcement officer through a registration check of the vehicle from DMV records. (Veh. Code, §§ 4450, 4453, 1808.21.) The State never disavowed that the personal information in a CHP 180 form exempt from disclosure is derived from DMV records, only that a CHP 180 form is not a DMV record as it is in the possession of the CHP. We therefore conclude that respondent court erred in compelling the CHP to produce unredacted records containing personal information derived from CHP 180 forms in light of the intervening case law.

## DISPOSITION

The alternative writ is discharged and the stay previously imposed is lifted. A peremptory writ shall issue directing respondent court to vacate its June 24, 2016 order compelling production of all electronically stored data derived from CHP 180 forms in the CHP databases, and enter a new order directing the State to produce all electronically stored data derived from CHP 180 forms in the CHP databases, redacting the name(s) and address(es) of the legal and registered owner(s), and any other personal information exempt from disclosure pursuant to *County of Los Angeles v. Superior Court* (2015) 242 Cal.App.4th 475. Costs are awarded to petitioner State of California.


KRIEGLER, Acting P. J.

We concur:


BAKER, J.


KUMAR, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

12