[No. B182464. Second Dist., Div. Five. June 29, 2005.]

COUNTY OF LOS ANGELES et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
UNION OF AMERICAN PHYSICIANS AND DENTISTS et al., Real
Parties in Interest.

## COUNSEL

Dwyer, Daly, Brotzen & Bruno, Richard S. Kemalyan, Jenny Hsieh; Best Best & Krieger, Jeffrey V. Dunn, Sonia R. Carvalho, Marc S. Ehrlich; and Raymond G. Fortner, County Counsel, for Petitioners.

No appearance for Respondent.

No appearance for Real Party in Interest Union of American Physicians and Dentists.

Ravis & Martin, David H. Martin and Mark Ravis for Real Party in Interest Twyman Owens.

OPINION

MOSK, J.—This proceeding arises from a discovery dispute in which respondent court granted petitioners' motion to compel production of documents listed in a third party deposition subpoena (Code Civ. Proc., § 2020, subd. (d)(1))[1] directed to the District Attorney of Los Angeles County. The district attorney had conducted an investigation into whether the Los Angeles Board of Supervisors (Board) violated the Ralph M. Brown Act (Gov. Code, § 54950 et seq.) (Brown Act), California's open meeting law, during two closed sessions in September 2004. Respondent court ordered the district attorney to produce redacted copies of the closed session minutes as well as two letters from the district attorney's investigation file. The documents are not discoverable because closed session minutes are specifically exempt from disclosure by Government Code section 54957.2, and the letters are exempt from disclosure under Government Code sections 6254, subdivision (f) and 6254.5, subdivision (e). We therefore hold that respondent court erred when it granted petitioners' discovery motion.

## FACTS[2] AND PROCEDURAL HISTORY

In 2003, the Martin Luther King, Jr./Drew Medical Center (King/Drew) was under scrutiny by the Center for Medicare and Medicaid Services (CMS), the federal agency that operates the Medicare program. CMS issued a "termination notice," the effect of which would have been the loss of hundreds of millions of dollars of Medicare and Medi-Cal funding to King/Drew. Before the notice was to take effect in early September 2004, CMS proposed a "memorandum of understanding" (MOU) under which Los Angeles County would allow an outside consultant to assist with the management of King/Drew. If the County accepted the MOU, CMS would, in effect, reverse its prior decision and conduct a "less stringent" survey of King/Drew.

On September 7, 2004, the Board convened in a closed session to discuss anticipated litigation related to CMS's termination decision and its proposed MOU. In preparation for the closed session, Los Angeles County Counsel prepared several memoranda for the Board analyzing the problems at King/Drew and presenting the Board's legal options, one of which was to

---

[1] As of July 1, 2005, this provision is in Code of Civil Procedure section 2020.410.

[2] The background facts are uncontradicted.

accept the MOU. The Board continued the closed session to September 13, 2004, so that its staff could obtain additional information as to whether the County of Los Angeles had the ability and resources to improve the hospital permanently. At the second closed session, the Board concluded that King/Drew was "sustainable" with the assistance of the outside consultants CMS would require under the MOU, and therefore, the MOU was a more desirable alternative than litigation with CMS. The Board issued a press release and conducted a press conference at which it announced it would be taking "decisive actions to restructure the hospital," and that such steps were necessary to keep King/Drew open.

The district attorney conducted an investigation after receiving several complaints about the decisions the Board had made at its closed sessions. In a letter to the Board dated November 5, 2004, the district attorney concluded that "[t]he matter set for consideration at the closed session on September 7, 2004, was properly placed on the closed session agenda because the matter falls within the 'pending litigation' exception articulated in [Government Code] section 54956.9. . . . The subject matter for which it was noticed satisfied the requirements for closed session under the pending litigation exception and was therefore appropriate as well."[3] The district attorney concluded, however, that the Board had not complied with the Brown Act requirements for closed sessions by making decisions on matters other than pending or threatened litigation.

On June 13, 2003, over a year before the Board met in the September 2004 closed session to discuss possible litigation involving CMS, the Union of American Physicians and Dentists, and Dr. Twyman Owens, a pediatric cardiologist at King/Drew, filed a petition for writ of mandate in the superior court, alleging that the County of Los Angeles and the Board had reduced services and staff at King/Drew without giving the public notice

---

[3] Government Code section 54956.9 provides in pertinent part: "Nothing in this chapter shall be construed to prevent a legislative body of a local agency, based on advice of its legal counsel, from holding a closed session to confer with, or receive advice from, its legal counsel regarding pending litigation when discussion in open session concerning those matters would prejudice the position of the local agency in the litigation. [¶] For purposes of this chapter, all expressions of the lawyer-client privilege other than those provided in this section are hereby abrogated. This section is the exclusive expression of the lawyer-client privilege for purposes of conducting closed-session meetings pursuant to this chapter."

required by the Beilenson Act (Health & Saf. Code, § 1440 et seq.).[4] When he learned of the district attorney's investigation, Dr. Owens issued a deposition subpoena (Code Civ. Proc., § 2020, subd. (d)(1)) to the district attorney's custodian of records, requesting materials, including closed session minutes, concerning the investigation. The district attorney asserted the attorney-client privilege and other objections as to certain documents, but produced documents that he had in his possession and as to which he had not asserted any privilege.

Dr. Owens filed a motion to compel compliance with the subpoena to obtain the documents the district attorney had declined to produce. At the initial hearing on the motion, respondent court directed the district attorney to file a supplemental privilege log listing each of the documents he had withheld and to submit those documents to the court for an in camera inspection. After reviewing the documents in camera, respondent court ordered the district attorney to produce four of the 31 documents set forth in the supplemental privilege log: copies of each of the closed session minutes, with matters pertaining to litigation redacted; and two letters from the district attorney's investigation file.

The County of Los Angeles, Board and the district attorney filed this petition for writ of mandate on April 19, 2005. After reviewing the documents, which were filed under seal, we issued an alternative writ of mandate directing respondent court to vacate its order. Respondent court did not comply with the alternative writ.

## DISCUSSION

▬ "Management of discovery lies within the sound discretion of the trial court, and, therefore, a discovery order is reviewed under the abuse of discretion standard. [Citation.] However, review by way of extraordinary writ is appropriate when the petitioner seeks relief from a discovery order

---

[4] Health & Safety Code section 1440 et seq. governs the provision of certain services at county health facilities. Health and Safety Code section 1442.5, subdivision (a), provides: "Prior to (1) closing, (2) eliminating or reducing the level of medical services provided by, or (3) the leasing, selling, or transfer of management of, a county facility, the board shall provide public notice, including notice posted at the entrance to all county health care facilities, of public hearings to be held by the board prior to its decision to proceed. The notice shall be posted not less than 14 days prior to the public hearings. The notice shall contain a list of the proposed reductions or changes, by facility and service. The notice shall include the amount and type of each proposed change, the expected savings, and the number of persons affected."

which may undermine a privilege, because appellate remedies are not adequate once the privileged information has been disclosed." (*Kleitman v. Superior Court* (1999) 74 Cal.App.4th 324, 330 [87 Cal.Rptr.2d 813], citing *Raytheon Co. v. Superior Court* (1989) 208 Cal.App.3d 683, 685 [256 Cal.Rptr. 425].)

In making its order directing disclosure of the closed session minutes, respondent court stated: "I don't think the law makes all of the minutes from a closed meeting privileged. If, indeed, portions of a closed meeting were improperly closed, then it seems to me that minutes dealing with those aspects are not protected under that and should be disclosed." The Legislature, however, has specifically provided that *all* closed session minutes are exempt from disclosure. There is no exception for those portions of the minutes that memorialize discussions that are not covered by the closed session agenda. Respondent court also found that the two letters from the district attorney's file were "basically cover letters" that did not fall within any privilege. These letters are not discoverable because they too are subject to a statutory exemption.

*The closed sessions were properly convened.*

█ Dr. Owens contends that the closed sessions themselves were improper because there was no litigation "pending" with CMS. Government Code section 54956.9 provides that "pending litigation" not only includes litigation that has been "initiated formally" (§ 54956.9, subd. (a)), but may also include situations, inter alia, in which "[a] point has been reached where, in the opinion of the legislative body of the local agency on the advice of its legal counsel, based on existing facts and circumstances, there is a significant exposure to litigation against the local agency." (§ 54956.9, subd. (b)(1).) In this case, the Board concluded that the "pending litigation" provision applied in connection with CMS's proposed decision to cut Medicare funding to King/Drew, and the Board met in closed session to discuss its options. This threatened litigation was a proper subject for closed sessions.

*The minutes of the properly convened closed sessions are confidential.*

█ Government Code section 54957.2, a provision of the Brown Act, states in pertinent part that a legislative body has the option of keeping a

minute book for closed sessions. That section states: "The minute book made pursuant to this section is not a public record subject to inspection pursuant to the California Public Records Act . . . , and shall be kept confidential. The minute book shall be available only to members of the legislative body, or, if a violation of this chapter is alleged to have occurred at a closed session, to a court of general jurisdiction wherein the local agency lies."

Respondent court did not make a finding that the Board violated the Brown Act, and deferred to the district attorney's conclusion on this issue.[5] Respondent court was not called upon to determine whether such a violation occurred, and whether or not a violation did occur is irrelevant to the discovery issue in this case. Petitioners did not allege a Brown Act violation in their lawsuit. Rather, they allege that the Board violated the Beilenson Act by making staff reductions at King/Drew without giving adequate public notice. The closed session minutes are not subject to discovery in a civil case; the Legislature has made such minutes exempt from disclosure, and it did not make any exception for discovery of "redacted" minutes when the discussion goes beyond the closed session agenda.

 Although Government Code section 54957.2 provides that in a Brown Act lawsuit closed session minutes may be disclosed "to a court of general jurisdiction wherein the local agency lies," such disclosure is for the limited purpose of allowing the court to determine whether a Brown Act violation has occurred. (See *Kleitman v. Superior Court, supra,* 74 Cal.App.4th at p. 333.) If such a violation has occurred, the Legislature has provided statutory remedies for such violations. These include injunctive, mandatory or declaratory relief to prevent or stop violations or threatened violations or to tape-record closed sessions (Gov. Code, § 54960); an action to void acts of the violating body (Gov. Code, § 54960.1); or in certain circumstances, criminal misdemeanor penalties. (Gov. Code, § 54959; see The Brown Act-Open Meetings for Local Legislative Bodies (Office of Cal. Atty. Gen., 2003), pp. 44–45).) These remedies do *not* include the disclosure of closed session minutes, even redacted minutes, pursuant to a subpoena in a civil discovery proceeding.

---

[5] We likewise do not make any findings as to whether the district attorney's conclusion on the Brown Act violation issue was correct. The district attorney reviewed a number of documents as well as audiotapes of the closed sessions. Respondent court reviewed only those documents listed in the district attorney's privilege log, and did not listen to the audiotapes because the district attorney, to whom the subpoena was directed, did not have them. We have examined only the four documents that respondent court ordered disclosed.

*Register Div. of Freedom Newspapers, Inc. v. County of Orange* (1984) 158 Cal.App.3d 893, 906–907 [205 Cal.Rptr. 92] suggested that the closed session minutes may be disclosed when a legislative body calls a closed session for an improper purpose. The court in the *Register* case stated that a meeting regarding litigation had been improperly closed. That case was decided prior to the enactment of Government Code section 54956.9, the statute that now permits closed sessions in connection with pending litigation. Even if correctly decided, the *Register* case is distinguishable in that here the session had not been improperly closed.

*Los Angeles Times Communications v. Los Angeles County Bd. of Supervisors* (2003) 112 Cal.App.4th 1313 [5 Cal.Rptr.3d 776], cited by Dr. Owens, is not applicable. That case held that respondent court abused its discretion when it denied the petitioners' motion for attorney fees for their successful Brown Act suit and does not hold that the remedy for a Brown Act violation is the disclosure of closed session minutes.

*The Board did not waive any privilege by disclosing the minutes to the district attorney.*

Government Code section 6254.5, subdivision (e), provides that a legislative body may disclose an otherwise exempt document to another governmental agency if the agency agrees to treat the document as confidential. The section provides a means for governmental agencies to share privileged materials without waiving the privilege. Because the district attorney executed an agreement to keep the closed session minutes confidential, the privilege was not waived. *McKesson HBOC, Inc. v. Superior Court* (2004) 115 Cal.App.4th 1229 [9 Cal.Rptr.3d 812], cited by Dr. Owens, is inapposite because it involved documents that a corporation disclosed to the government, not documents that a legislative body disclosed to another governmental agency under a confidentiality agreement.

*The letters are exempt by statute from disclosure.*

Respondent court also ordered the district attorney to produce two letters. These letters are part of the district attorney's investigative file and are specifically exempt from disclosure pursuant to Government Code section 6254, subdivision (f).

## DISPOSITION

The petition for writ of mandate is granted. A peremptory writ shall issue ordering respondent court to vacate its order of April 7, 2005, granting in part Dr. Owens's motion to compel compliance with the deposition subpoena, and enter a new and different order denying the motion as to documents 3, 4, 26 and 27. Costs of this proceeding are awarded to petitioners.

Turner, P. J., and Armstrong, J., concurred.

The petition of real party in interest Twyman Owens for review by the Supreme Court was denied September 21, 2005. George, C. J., did not participate therein. Kennard, J. was of the opinion that the petition should be granted.