Filed 1/20/16  State of Calif. v. Superior Court CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| STATE OF CALIFORNIA, | B265930 |
| Petitioner, | (Los Angeles County Super. Ct. No. BS149154) |
| v. | |
| THE SUPERIOR COURT LOS ANGELES COUNTY, | |
| Respondent; | |
| COLLEEN FLYNN, | |
| Real Party in Interest. | |

PETITION from an order the Superior Court of Los Angeles County, Luis A. Lavin, Judge.  Petition granted.

Kamala Harris, Attorney General, Kathleen A. Kenealy, Chief Assistant Attorney General, Kristin G. Hogue, Senior Assistant Attorney General, Joel A. Davis, Supervising Deputy Attorney General, and Donna M. Dean, Deputy Attorney General, for Petitioner.

Donald W. Cook for Real Party in Interest.

# I. INTRODUCTION

Defendant, State of California, has filed a mandate petition challenging an order compelling disclosure of certain electronically stored data maintained by the California Department of Justice (justice department). The electronically stored data are CHP 180 forms maintained in the justice department's Stolen Vehicle System database. Plaintiff, Colleen Flynn, sought before the respondent court to compel disclosure of these and other records pursuant to the California Public Records Act (public records act). (Gov. Code,[1] § 6250 et seq.; see *Copley Press, Inc. v. Superior Court* (2006) 39 Cal.4th 1272, 1281, 1282.)

The outcome of this appeal is controlled by the holding in *County of Los Angeles v. Superior Court* (2015) 242 Cal.App.4th 475, 481-489, hereafter *County of Los Angeles*. In addition to the analysis in *County of Los Angeles, supra,* we conclude the Legislature has carefully limited access to the Stolen Vehicle System database to specified agencies and persons. (§ 15153; Pen. Code, § 11105, subd. (b).) Because access to materials in the Stolen Vehicle System database has been so limited by the Legislature, they are unavailable to plaintiff. (§ 6254, subd. (k).) Thus, plaintiff is not entitled to disclosure of lost, found or recovered vehicles in the justice department's Stolen Vehicle System database.

# II. PROCEEDINGS IN THE RESPONDENT COURT

Before proceeding to synthesizing the events transpiring to date, it bears emphasis that only a portion of the issues litigated in the respondent court are before us now. Much of the discussion in papers filed in the respondent court involves the California Highway Patrol. The respondent court ultimately ordered disclosure from two databases. The first database was that operated by the California Highway Patrol. There is no issue raised in

---

[1] Unless otherwise noted, all future statutory references are to the Government Code.

the present writ proceeding concerning the orders directed at the California Highway Patrol. But the respondent court also ordered the justice department to produce electronic data in an electronic format which is stored on its Stolen Vehicle System. It is only the information stored on the justice department Stolen Vehicle System that is at issue. Thus, when we synthesize the pertinent proceedings in the respondent court, it should be kept in mind that we are only concerned with the data in the justice department Stolen Vehicle System.

As noted, plaintiff filed a mandate petition pursuant to section 6258[2] seeking to compel disclosure of information in defendant's possession appearing on two California Highway Patrol forms. In this writ proceeding, the only document at issue is known as a CHP 180 form. According to the verified mandate petition filed in the respondent court: "[Plaintiff] . . . alleges that whenever an officer of the California Highway Patrol . . . causes a vehicle to be removed from a public roadway or highway pursuant to. . . [Vehicle] Code [section] 22651, the [California Highway Patrol] officer fills out a document known as a CHP 180 form. [Plaintiff] is further informed and believes that the [California Highway Patrol] provides a copy of the filled-out form to the privately-owned vehicle tow company the [California Highway Patrol] uses for removing vehicles from the street."

Attached to plaintiff's mandate petition is a CHP 180 form. The CHP 180 form, which is furnished to all peace officers by the California Highway Patrol, consists of two pages. The first page requires the impounding peace officer to identify, among other things: the reporting department; the location where the vehicle is stolen or is towed; the odometer reading; the time that "dispatch" was notified of the towing; data concerning the individual vehicle including the vehicle identification and engine numbers; the

---

[2]    Section 6258 states, "Any person may institute proceedings for injunctive or declarative relief or writ of mandate in any court of competent jurisdiction to enforce his or her right to inspect or to receive a copy of any public record or class of public records under this chapter. The times for responsive pleadings and for hearings in these proceedings shall be set by the judge of the court with the object of securing a decision as to these matters at the earliest possible time."

3

condition of the vehicle and specified components ranging from radios, tape decks and batteries to tires and hub caps; information concerning the theft of the vehicle or any of its components, including license plates; and whether required notices were sent to the registered and legal owners pursuant to Vehicle Code section 22852.[3] The foregoing sentence is not a complete listing of all of the information sought by the first page of the CHP 180 form. Page 1 of the CHP 180 form requests nearly 100 separate pieces of information. In addition, it has an extensive remarks section. The second page of the CHP 180 form consists of the notice of hearing sent to the "registered and legal owners of record, or their agents" of the stored vehicle. The notice is sent by the agency or person directing storage of the vehicle. (Veh. Code, § 22852, subd. (a).)

Plaintiff's mandate petition alleges that defendant possesses electronic data reflecting information originally recorded on CHP 180 forms. In addition, plaintiff alleges that the electronic data are public records which are not exempt from disclosure and she is entitled to their production. Plaintiff alleges that defendant's wrongful refusal to provide the electronic data violates the California Public Records Act. Plaintiff's mandate petition seeks production of the documents, her attorney fees and costs. Plaintiff's mandate petition does not seek production of only portions of the requested data. Defendant's answer denied that plaintiff was entitled to access to any records at issue.

---

[3] Vehicle Code section 22852 states: "(a) Whenever an authorized member of a public agency directs the storage of a vehicle, as permitted by this chapter, or upon the storage of a vehicle as permitted under this section (except as provided in subdivision (f) or (g)), the agency or person directing the storage shall provide the vehicle's registered and legal owners of record, or their agents, with the opportunity for a poststorage hearing to determine the validity of the storage. [¶] (b) A notice of the storage shall be mailed or personally delivered to the registered and legal owners within 48 hours, excluding weekends and holidays, and shall include all of the following information: [¶] (1) The name, address, and telephone number of the agency providing the notice. [¶] (2) The location of the place of storage and description of the vehicle, which shall include, if available, the name or make, the manufacturer, the license plate number, and the mileage. [¶] (3) The authority and purpose for the removal of the vehicle."

4

Defendant relied in material part upon the declaration of Kathryn Santillan. Ms. Santillan is the Criminal Identification and Intelligence Supervisor for the Stolen Vehicles Unit of the justice department's Division of Criminal Justice Information Services. In that capacity, Ms. Santillan was responsible for supervising the day-to-day activities for the Stolen Vehicle System/Automated Boat System. (There are no issues in this case concerning any boats.) According to Ms. Santillan: "The [Stolen Vehicle System] is a statewide database that houses and vehicle information entered by law enforcement agencies which includes, but is not limited to, the data listed in CHP 180 forms. [¶] . . . I conducted an inquiry, and have determined that the [Stolen Vehicle System] is the only [Justice Department] database that contains information that includes data listed in CHP 180 forms. [¶] . . . California Highway Patrol and other law enforcement agencies enter and access the data in the [Stolen Vehicle System] exclusively via the California Law Enforcement Telecommunications System . . . . [¶] . . . The information accessed via [the California Law Enforcement Telecommunications System] is investigatory information as it concerns specific individuals that may be under investigation for specific crimes."

Additionally, defendant submitted a declaration by Mark Hayward, a justice department employee who worked in the Bureau of Criminal Information and Analysis. Mr. Hayward was employed as an analyst who dealt with applications for upgrades to the California Law Enforcement Telecommunications System network. He also helped identify and correct deficiencies that were are uncovered in audits working with different law enforcement agencies. Mr. Hayward described the California Law Enforcement Telecommunications System as the communication lines that access various agency computer system portals. He also described the California Law Enforcement Telecommunications System thusly: "[I]t's the connections between the servers and the routers and the communication lines. It's essentially a communication network."

The hearing on plaintiff's mandate petition was held on June 23, 2015. The respondent court ruled that defendant improperly refused to produce the requested CHP 180 form records in an electronic format. The respondent court ruled in part:

"[Defendant] argues the CHP 180 records are exempt as investigatory files. . . . . Here, [defendant] fails to make *any* showing that the CHP 180 form captures information relevant to an investigation or otherwise is prepared to assist law enforcement in determining whether a violation of the law has occurred. . . . Indeed, [defendant] does not provide any analysis explaining why the investigatory records exception would apply to the CHP 180 forms. See Williams v. Superior Court[] (1993) 5 Cal.4th 337, 356 ('A public agency may not shield a document from disclosure with the bare assertion that it relates to an investigation'). A review of the form itself shows that most of the information captured by the form relates to providing the legal and registered owner with notice that the vehicle has been impounded, and to creating a record of vehicles impounded by law enforcement." The respondent court ordered that plaintiff recover her attorney fees. The foregoing synthesis of the respondent court's eight and one-half largely single-spaced page comprehensive ruling is limited to the issues raised by defendant's mandate petition filed with this court. As noted, there were other matters litigated which are not the subject of the issues raised by defendant concerning the justice department's Stolen Vehicle System.

On August 6, 2015, defendant filed a timely mandate petition challenging only that part of the respondent court's ruling concerning the justice department's Stolen Vehicle System. On September 11, 2015, we issued our alternative writ of mandate. The cause was orally argued on October 5, 2015. On November 20, 2015, a differently comprised panel of this division issued its opinion in *County of Los Angeles, supra*. We offered the parties the opportunity to brief the effect of *County of Los Angeles, supra* on our case.

III. DISCUSSION

As noted, the outcome of this appeal is controlled by the opinion in *County of Los Angeles*, *supra*. In *County of Los Angeles*, *supra*, 242 Cal.App.4th at pages 481-489, we refused to order disclosure of copies of CHP 180 forms maintained by the Los Angeles

County Sheriff's Department. There, a differently comprised panel of this division held: CHP 180 forms are exempt from disclosure pursuant to sections 6254, subdivision (k) and 6254.1; this is because both section 6254.1 and Vehicle Code section 1808.21 prohibit disclosure of a vehicle owner's address retrieved from Department of Motor Vehicles records; disclosure of driver's license personal information is prohibited by Vehicle Code section 1808, subdivision (a) and title 18 United States Code section 2721 et seq.; and no waiver of the duty of nondisclosure occurred. Obviously, those conclusions are controlling in this case which seeks disclosure of CHP 180 forms maintained by the justice department.

The CHP 180 forms at issue are likewise exempt from disclosure pursuant to section 6254, subdivision (k) on grounds other than those discussed in *County of Los Angeles*, *supra*. The Legislature has expressly limited the disclosure by the Attorney General of records concerning stolen vehicles. As noted, Penal Code section 11106, subdivision (a)(1)(I) requires the Attorney General to maintain a complete record of stolen property. Further, local law enforcement authorities are required to submit descriptions of serialized stolen property, which includes stolen vehicles, to the justice department. (Pen. Code, § 11108, subd. (a).) In a similar vein, Vehicle Code section 10500, subdivision (a) requires that every peace officer report information concerning a stolen vehicle to the justice department.

Penal Code section 11106, subdivision (a)(2) limits the disclosure of the information concerning stolen or found vehicles thusly, "The Attorney General shall, upon proper application therefor, furnish the information to the officers referred to in Section 11105." Penal Code section 11105, subdivision (b) comprehensively lists a series of individuals and entities who are entitled disclosure of the information specified in Penal Code section 11106, subdivision (a)(1)(I). Individuals such as plaintiff are not named in Penal Code section 11105, subdivision (b).

Further, although not dispositive, Ms. Santillan declared that all of the information in the Stolen Vehicle System is exclusively entered and accessed via the California Law Enforcement Telecommunications System. This is commonly referred to as the CLETS

7

system.  (See *People v. Robinson* (2010) 47 Cal.4th 1104, 1128; *People v. Martinez* (2000) 22 Cal.4th 106, 113.)  The uses for the California Law Enforcement Telecommunications System are specified in section 15153 which states, "The system shall be under the direction of the Attorney General, and shall be used exclusively for the official business of the state, and the official business of any city, county, city and county, or other public agency."  Thus, although not conclusive, it is pertinent that both the entry and accessing of the Stolen Vehicle System data occurs on a network expressly reserved for official business.  Under these circumstances, disclosure of the CHP 180 forms and the data contained therein are not required by the public records act.  (Gov. Code, § 6254, subd. (k).)  We need not address the parties' other contentions.

## IV.  DISPOSITION

A peremptory writ of mandate is to issue directing the respondent court to set aside a part of its June 23, 2015 order.  That part of the respondent court's June 23, 2015 order directing disclosure of data contained in the Stolen Vehicle System is to be set aside.  A new order is to issue directing that data contained in the Stolen Vehicle System not be disclosed.  Defendant, State of California, shall recover its costs incurred in connection with these writ proceedings from plaintiff, Coleen Flynn.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


KRIEGLER, J.          BAKER, J.


8