Filed 1/25/21; Modified and Certified for Publication 2/8/21 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

JOHN DOE,

    Plaintiff and Appellant,

v.

WESTMONT COLLEGE,

    Defendant and Respondent.

2d Civ. No. B303208
(Super. Ct. No. 17CV00188)
(Santa Barbara County)

John Doe filed a petition for writ of administrative mandate to overturn Westmont College's determination that he committed sexual assault. (Code Civ. Proc.,[1] § 1094.5.) The trial court granted John's petition, and he moved for an attorney fee award. (§ 1021.5.) The court denied John's motion. Westmont appealed from the judgment, but John did not appeal from the postjudgment order denying his attorney fee motion.

We affirmed the judgment in a published opinion. (See *Doe v. Westmont College* (2019) 34 Cal.App.5th 622 (*Doe I*).)

_____

[1] Statutory references are to the Code of Civil Procedure.

After the remittitur issued, John moved for attorney fees based on our decision. The trial court denied John's motion, concluding that he did not meet section 1021.5's criteria for a fee award. Alternatively, the court concluded that it was appropriate to deny John's motion because he did not provide a meaningful basis on which it could apportion the fees he incurred.

Because the trial court applied the wrong standards when it denied John's attorney fee motion, we vacate the denial order. In doing so, we express no view as to whether the court should award section 1021.5 attorney fees on remand after it applies the proper legal standards.

FACTUAL AND PROCEDURAL HISTORY

John and a fellow Westmont student, Jane Roe, attended a party in January 2016. (*Doe I*, *supra*, 34 Cal.App.5th at p. 627.) After the party, Jane accused John of sexual assault. (*Ibid*.) Westmont investigated the matter, found Jane's accusation credible, and suspended John for two years. (*Id.* at pp. 632-633.)

John challenged the decision in a petition for writ of administrative mandate, arguing that Westmont did not give him a fair hearing and that substantial evidence did not support its decision. (*Doe I*, *supra*, 34 Cal.App.5th at p. 633.) The trial court agreed with John's fair hearing argument and ordered Westmont to set aside its decision. (*Id.* at pp. 633-634.) It did not reach the substantial evidence argument. (*Id.* at p. 633.)

We affirmed the judgment in a published opinion, agreeing that Westmont failed to provide John with a fair hearing. (*Doe I*, *supra*, 34 Cal.App.5th at p. 625.) Like the trial court, we did not reach the issue of whether substantial evidence supported Westmont's decision. (*Ibid*.) Westmont declined to

rehear John's case, and vacated the findings against him. John then moved for an attorney fee award based on our published opinion. He requested $85,652 in fees.

Westmont opposed John's motion, arguing that it was barred by principles of res judicata. Westmont also characterized John's motion as a "renewed" request for attorney fees, which it urged the court to deny because it did not meet the requirements of section 1008. If the court did "reconsider" the attorney fee issue, Westmont argued that it should deny John's motion on the merits because he did not meet section 1021.5's requirements.

The trial court agreed with Westmont's third argument and denied John's motion. First, John's overarching interest in the case was personal, both during the proceedings on his writ petition in the trial court and in his defense of the court's decision on appeal. Second, to the extent our published opinion conferred a significant benefit on a large group of people, that benefit arose from Westmont's decision to appeal, not John's. Finally, an attorney fee award would "punish Westmont for appealing rather than vindicate the purposes behind . . . section 1021.5." Thus, "in the context of the third element of . . . section 1021.5, [John] ha[d] not persuasively shown [that] the financial burden of private enforcement warrant[ed] subsidizing [his] attorneys."

The trial court also concluded that even if John did meet section 1021.5's requirements for an attorney fee award, he provided no basis for apportioning those fees. Significant portions of the proceedings on his writ petition and on appeal were dedicated to arguments regarding how substantial evidence did not support Westmont's decision, arguments that pertained solely to John's private interests. Furthermore, the court did not

3

consider them.  Thus, without a basis for excluding the fees related to those arguments, the court deemed it necessary to deny John's attorney fee request in its entirety.

DISCUSSION

*Appealability*

We first consider—and reject—Westmont's claim that we do not have jurisdiction to consider an appeal from the denial of John's postappeal motion for attorney fees.

An attorney fee award may be based on a published appellate opinion.  (*Serrano v. Stefan Merli Plastering Co., Inc.* (2011) 52 Cal.4th 1018, 1029 (*Serrano*).)  "Indeed, because section 1021.5 'requires the claimant to show that the principal action "has resulted" in the enforcement of an important right and that a significant benefit "has been conferred"' [citation], that showing often 'cannot be made until the benefit is secure, in some cases after judgment is final.'  [Citations.]" (*Citizens Against Rent Control v. City of Berkeley* (1986) 181 Cal.App.3d 213, 226-227.)  That is what occurred here:  After this court affirmed the judgment granting John's writ petition, John moved for an attorney fee award based on the determinations we made in our published opinion.  The trial court's order denying that motion is appealable.  (§ 904.1, subd. (a)(2).)

Westmont contends that the denial of a renewed motion is not appealable.  (See, e.g., *Global Protein Products, Inc. v. Le* (2019) 42 Cal.App.5th 352, 364; *Chango Coffee, Inc. v. Applied Underwriters, Inc.* (2017) 11 Cal.App.5th 1247, 1252-1254; *Tate v. Wilburn* (2010) 184 Cal.App.4th 150, 159-160 (*Tate*).)  But that is not what occurred here.

A party renews a motion by "mak[ing] a subsequent application for the *same order* [based on] new or different facts,

4

circumstances, or law." (§ 1008, subd. (b), italics added.) Both the original and renewed motions must request "identical relief." (*California Correctional Peace Officers Assn. v. Virga* (2010) 181 Cal.App.4th 30, 43, alterations omitted.) Here, John's preappeal motion requested $58,466 in attorney fees, while his postappeal motion requested $85,652 in fees. The postappeal motion thus cannot be construed as a renewal of his preappeal motion.

Westmont implicitly acknowledges as much, recognizing that other provisions of section 1008 do not permit actions to be taken after judgment is final. (See, e.g., *State of California v. Superior Court (Flynn)* (2016) 4 Cal.App.5th 94, 100 [trial court cannot reconsider interim ruling pursuant to subdivision (c) after final judgment]; *Branner v. Regents of University of California* (2009) 175 Cal.App.4th 1043, 1048 [motion to reconsider pursuant to subdivision (a) invalid if filed after final judgment].) And courts considering other types of renewed motions have similarly concluded that "[a] second motion, decided after an appealable order denying the first motion has become final, cannot be considered as a renewal of . . . the first motion." (*Rambush v. Rambush* (1968) 267 Cal.App.2d 734, 741; see also *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 701-702.) Instead, the second motion "'must be regarded as an independent and separate request for relief.'" (*Rambush*, at p. 741, fn. 5.)

The concerns underlying the nonappealability of renewed motions do not prevent us from deeming John's postappeal motion an independent and separate request for relief. Renewed motions are generally not appealable because permitting such appeals might: (1) render "a nonappealable order or judgment . . . appealable," (2) permit a party to "have

5

two appeals from the same decision," or (3) give a party "an unwarranted extension of time to appeal." (*Tate, supra*, 184 Cal.App.4th at p. 160.) But here, a nonappealable order has not been rendered appealable; orders denying postjudgment motions for attorney fees are themselves appealable. (*P R Burke Corp. v. Victor Valley Wastewater Reclamation Authority* (2002) 98 Cal.App.4th 1047, 1053; see § 904.1, subd. (a)(2).) John is not getting two appeals from the same decision; he did not appeal the denial of his preappeal motion for attorney fees, nor has he raised any issue connected to the denial of that motion here. And John has not received an unwarranted extension of time to appeal; again, John has not raised any issue connected to his preappeal attorney fee motion, and there is no question that the current appeal was timely filed.

Westmont's argument that John is not entitled to appeal from the denial of his postappeal motion for attorney fees because he did not cross-appeal the trial court's order denying his preappeal motion is not persuasive. Because our opinion on appeal provided the basis for John's postappeal motion, an appeal from the denial of the preappeal motion would have involved different facts and legal arguments. In addition, appealing from the denial of the preappeal motion was not a prerequisite to seeking postappeal attorney fees. (Cf. *Center for Biological Diversity v. County of San Bernardino* (2010) 188 Cal.App.4th 603, 613 [party not required to appeal preappeal attorney fee order to seek supplemental postappeal fees].)

Next, Westmont argues that the doctrines of collateral estoppel and res judicata prevent John from challenging the order denying his postappeal motion. But these doctrines apply to issues determined by prior rulings. (See

*Hernandez v. City of Pomona* (2009) 46 Cal.4th 501, 511 [collateral estoppel]; *In re Matthew C.* (1993) 6 Cal.4th 386, 393 [res judicata], superseded by statute on other grounds as stated in *People v. Mena* (2012) 54 Cal.4th 146, 157.) And the issues decided in John's preappeal motion were connected to the trial court's findings during the writ proceedings, while the issues to be decided here are connected to the determinations we made in our published opinion. The doctrines of collateral estoppel and res judicata are therefore inapplicable.

Finally, Westmont argues that considering the merits of this case runs afoul of the "one final judgment" rule. But that rule is not relevant here: John is challenging a postjudgment order, not the judgment. "'When a party wishes to challenge both a final judgment *and* a postjudgment costs/attorney fee order, the normal procedure is to file *two separate appeals*: one from the final judgment, and a second from the postjudgment order.' [Citation.]" (*Torres v. City of San Diego* (2007) 154 Cal.App.4th 214, 222, italics original.) We accordingly turn to the merits of John's appeal.

*Section 1021.5 attorney fees*

John contends the trial court erred when it denied his postappeal motion for attorney fees because: (1) his action against Westmont resulted in the enforcement of an important right affecting the public interest, (2) his action conferred significant benefits on a large group of people, and (3) the necessity and burden of private enforcement makes an attorney fee award appropriate. We agree with John's first two contentions, and conclude that the court below applied the wrong standard when deciding the merits of the third.

7

*1. General legal principles*

Pursuant to section 1021.5, a trial court may "award attorney[] fees to a successful party against one or more opposing parties in any action [that] has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement . . . are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any."[2] (§ 1021.5.) "The intent . . . is not 'to punish those who violate the law but rather to ensure that those who have acted to protect public interest will not be forced to shoulder the cost of litigation.' [Citation.]" (*Friends of Spring Street v. Nevada City* (2019) 33 Cal.App.5th 1092, 1107.)

We review a trial court's order denying a motion for section 1021.5 attorney fees for abuse of discretion. (*Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1213 (*Whitley*).) We first consider "whether the . . . court applied the proper legal standards," paying "particular attention to the . . . stated reasons for denying fees." (*Robinson v. City of Chowchilla* (2011) 202 Cal.App.4th 382, 391 (*Robinson*).) If the court applied incorrect legal standards, its denial order "necessarily [fell] outside the scope of [its] discretion" and must be vacated. (*Ibid.*)

*2. Important right affecting the public interest*

"[S]ection 1021.5 provides no concrete standard or test against which a court may determine whether the right vindicated in a particular case is sufficiently 'important' to

---

[2] The last of these elements is not at issue since John did not receive a financial recovery.

justify" an attorney fee award.  (*Woodland Hills Residents Assn., Inc. v. City Council* (1979) 23 Cal.3d 917, 935 (*Woodland Hills*).)  And while attorney fees have been awarded for "the vindication of both constitutional and statutory rights," not all such rights can be deemed important.  (*Ibid.*, footnote omitted.)  Courts must thus "exercise judgment in attempting to ascertain the 'strength' or 'societal importance' of the right involved" (*ibid.*), "realistically assess[ing] the significance of that right in terms of its relationship to the achievement of fundamental legislative goals" (*id.* at p. 936).

Here, we have no difficulty concluding that John's defense of the judgment granting his writ petition helped to enforce an important right affecting the public interest.  First, John's case resulted in a published opinion.  The publication of an opinion suggests that the case involved a matter of public importance.  (*Serrano*, *supra*, 52 Cal.4th at p. 1029.)  Second, over the past five years, there has been substantial litigation involving college and university practices for providing fair hearings to students accused of sexual assault.  Explaining the contours of what is required in these hearings "benefits students accused of sexual misconduct, victims, and colleges alike."  (*Doe I, supra*, 34 Cal.App.5th at p. 640.)  Finally, "[t]he common law requirements for a fair hearing at a private college [like Westmont] 'mirror the due process protections at public universities.' [Citation.]"  (*Id.*, at p. 634.)  That reinforces our conclusion that the fair hearing practices John helped to enforce were important rights affecting the public interest, not just John's own personal interests as the trial court concluded.  (*Press v. Lucky Stores, Inc.* (1983) 34 Cal.3d 311, 318 (*Press*) [if right is of "constitutional stature," that can meet section 1021.5's

"important right" element]; *Hall v. Department of Motor Vehicles* (2018) 26 Cal.App.5th 182, 191 (*Hall*) ["due process undoubtedly is an important right affecting the public interest"].)

### 3. Significant benefit conferred on a large group of people

"[T]he 'significant benefit' that will justify an attorney fee award need not represent a 'tangible' asset or a 'concrete' gain but, in some cases, may be recognized simply from the effectuation of a fundamental constitutional or statutory policy." (*Woodland Hills*, *supra*, 23 Cal.3d at p. 939.) But not all litigation that effectuates such policies will justify an attorney fee award. (*Ibid.*) Courts must instead make "a realistic assessment, in light of all the pertinent circumstances, of the gains [that] have resulted in a particular case" to determine whether a section 1021.5 attorney fee award is warranted. (*Id.* at p. 940.)

When making that assessment, the court should be mindful that the plaintiff "need only show that [their litigation] conferred a significant benefit on the public." (*City of Maywood v. Los Angeles Unified School Dist.* (2012) 208 Cal.App.4th 362, 429, fn. 32.) The extent of that benefit ""need not be great,"" "[n]or is it required that the class of persons benefited be "readily ascertainable."" (*Sweetwater Union High School Dist. v. Julian Union Elementary School Dist.* (2019) 36 Cal.App.5th 970, 991 (*Sweetwater Union*).) Moreover, the plaintiff's "subjective motivations in pursuing the litigation are . . . not relevant to [the] inquiry." (*City of Maywood*, at p. 429, fn. 32.) While section 1021.5 does not permit awards "for litigants motivated by their own interests who coincidentally serve the public" (*California Licensed Foresters Assn. v. State Bd. of Forestry* (1994) 30 Cal.App.4th 562, 570), "fees may not be denied merely because

10

the primary effect of the litigation was to benefit the individual rather than the public" (*Indio Police Command Unit Assn. v. City of Indio* (2014) 230 Cal.App.4th 521, 543).

Here, John helped to ensure that Westmont complies with its own fair hearing policies and procedures.  (See *Doe I*, *supra*, 34 Cal.App.5th at p. 639 [summarizing procedures].)  The benefits that stem from this compliance are not confined to John, but extend to sexual assault victims, those accused of such assaults, and the personnel who investigate and adjudicate the accusations.  (*Id.* at p. 640; see also *Beach Colony II v. California Coastal Com.* (1985) 166 Cal.App.3d 106, 112 [litigation can improve defendant's sensitivity to rights of others affected by its actions].)  "Attorney fees have consistently been awarded for the enforcement of well-defined, existing obligations." (*Press*, *supra*, 34 Cal.3d at p. 318.)

Additionally, John's defense of the judgment resulted in a published opinion, which "alone supports a conclusion that the result was of significant statewide public interest."  (*Protect Our Water v. County of Merced* (2005) 130 Cal.App.4th 488, 495, fn. 8; see also *Press*, *supra*, 34 Cal.3d at pp. 318-319; *Leiserson v. City of San Diego* (1988) 202 Cal.App.3d 725, 737.)  That that opinion arose from Westmont's decision to appeal rather than John's is irrelevant:  "How [a] party achieves [their] goal of enforcing the right in question is not determinative of the right to an award of attorney fees under section 1021.5." (*In re Head* (1986) 42 Cal.3d 223, 228-229.)  "The impact of the litigation is." (*Id.* at p. 229.)

This case is unlike *Roybal v. Governing Board of Salinas City Elementary School Dist.* (2008) 159 Cal.App.4th 1143, on which Westmont relies.  The writ petition at issue in

*Roybal* did not involve fair hearing policies and procedures that affect an entire college, but rather hinged on a "failure of proof" specific to the employee-plaintiffs. (*Id.* at p. 1149.) As such, the granting of the petition was not relevant to any district employee other than those named in the petition. (*Ibid.*)

### 4. *Necessity and financial burden of private enforcement*

Section 1021.5 incentivizes """"public-interest litigation that might otherwise have been too costly to bring.""" [Citation.]" (*Hall*, *supra*, 26 Cal.App.5th at p. 188.) Before awarding attorney fees under this section, a court must examine two factors related to the costs of litigation: """"whether private enforcement was necessary[,] and whether the financial burden of private enforcement warrants subsidizing the successful party's attorneys.'" [Citations.]" (*Whitley*, *supra*, 50 Cal.4th at pp. 1214-1215.) The first prong of this inquiry """"'looks to the adequacy of public enforcement[,] and seeks economic equalization of representation in cases where private enforcement is necessary.'" [Citations.]'" [Citation.]" (*Id.* at p. 1215.) It "has long been understood to mean simply that public enforcement is not available, or not sufficiently available." (*Id.* at p. 1217.)

"The second prong of the inquiry addresses the 'financial burden of private enforcement.'" (*Whitley*, *supra*, 50 Cal.4th at p. 1215.) This requires a court to examine "not only on the costs of the litigation but also any offsetting financial benefits that the litigation yields or reasonably could have been expected to yield." (*Ibid.*) A fee award will be appropriate """"when the cost of the [plaintiff's] legal victory transcends [their] personal interest[;] that is, when the necessity for pursuing the lawsuit placed a burden on the plaintiff 'out of proportion to [their] individual stake in the matter.' [Citation.]'" [Citation.]" (*Ibid.*)

12

The trial court examined neither of these prongs when it denied John's motion. Nowhere in its decision did it consider whether public enforcement of John's fair hearing rights was available or adequate. That alone was an abuse of discretion. (*Robinson, supra,* 202 Cal.App.4th at p. 391.) Additionally, the court failed to consider whether the financial burden hoisted on John in prosecuting his case outweighed his own personal interests, focusing instead on the "punishment" that would be inflicted on Westmont for exercising its right to appeal. Focusing on the abstract impacts to Westmont rather than the concrete financial burden on John was an abuse of discretion. (*Ibid.*; see *Norberg v. California Coastal Com.* (2013) 221 Cal.App.4th 535, 544.)

*Apportionment*

John contends the trial court erred when it denied his attorney fee motion due to his failure to provide a basis for apportionment between the fees he incurred to advance his private interests and those that advanced the public interest. We agree.

If a trial court determines that attorney fees should be awarded pursuant to section 1021.5, it may restrict those fees to the "portion of the attorneys' efforts that furthered the litigation of issues of public importance." (*Whitley, supra,* 50 Cal.4th at p. 1226.) "We apply a two-step inquiry in analyzing whether section 1021.5 fees are appropriate where a plaintiff achieves limited success." (*Sweetwater Union, supra,* 36 Cal.App.5th at p. 996.) "The first step is to determine whether the [plaintiff's] successful and unsuccessful claims are related." (*Id.* at p. 997.) "'If the different claims are based on different facts and legal theories, they are unrelated; if they involve a

13

common core of facts or are based on related legal theories, they are related.' [Citation.]" (*Ibid.*)

"Where claims are related, the second step requires the trial court to evaluate the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation and reduce the lodestar calculation if the relief is limited in comparison to the scope of the litigation as a whole." (*Sweetwater Union, supra,* 36 Cal.App.5th at p. 997.) But "'[t]he fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.'" (*Ibid.*, alterations omitted.) "'Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.'" (*Ibid.*) "'The result is what matters.' [Citation.]" (*Ibid.*)

A trial court has broad discretion when determining whether to apportion attorney fees. (*Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1111.) We will find no abuse of discretion when a court declines to apportion fees between claims that "'are so inextricably intertwined that it would be impractical or impossible to separate the attorney's time into compensable and noncompensable units.'" (*Harman v. City and County of San Francisco* (2007) 158 Cal.App.4th 407, 417.) Similarly, we will find no abuse of discretion when the court "apportion[s] fees even where the issues are connected, related[,] or intertwined." (*El Escorial Owners' Assn. v. DLC Plastering, Inc.* (2007) 154 Cal.App.4th 1337, 1365.) The court will abuse its discretion, however, if it denies an attorney fee request based on the difficulty of apportioning fees. (See *Bell v. Vista Unified School*

14

*Dist.* (2000) 82 Cal.App.4th 672, 689 (*Bell*) [trial court must apportion fees if counsel unable to do so].)

"An award of attorney[] fees under . . . section 1021.5 is an obligation" if the claimant meets the criteria for such an award. (*Friends of the Trails v. Blasius* (2000) 78 Cal.App.4th 810, 838.) And "[a]lthough it may be difficult to apportion recoverable attorney work and non-recoverable attorney work, the inherent difficulty of this relatedness analysis is not a basis upon which a . . . court may deny an award of attorney[] fees." (*Lyon v. Chase Bank USA, N.A.* (9th Cir. 2011) 656 F.3d 877, 892, fn. 11.) Thus, on remand, if the court determines that the requirements of section 1021.5 have been met, it must award fees. Only then should the court determine whether and how to apportion those fees. The court has broad discretion to make the appropriate apportionment itself if counsel is unable to do so. (*Bell, supra,* 82 Cal.App.4th at p. 689.)

DISPOSITION

The order denying John's postappeal motion for attorney fees, entered October 22, 2019, is vacated, and the matter is remanded to the trial court with directions to apply the proper standards in determining whether the necessity and financial burden of private enforcement make a section 1021.5 attorney fee award appropriate here. We express no opinion as to whether a fee award is appropriate. If the court concludes that it

15

is, it shall determine the amount of fees to be awarded, whether and how to apportion those fees, and the amount of the multiplier, if any.  John shall recover his costs on appeal.


                                    TANGEMAN, J.

We concur:


        GILBERT, P. J.


        PERREN, J.

Thomas P. Anderle, Judge

Superior Court County of Santa Barbara

_____

Hathaway Parker, Mark M. Hathaway and Jenna E. Parker for Plaintiff and Appellant.

Musick, Peeler & Garrett and Adam L. Johnson for Defendant and Respondent.

Filed 2/8/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JOHN DOE,<br><br>   Plaintiff and Appellant,<br><br>v.<br><br>WESTMONT COLLEGE,<br><br>   Defendant and Respondent. | 2d Civ. No. B303208<br>(Super. Ct. No. 17CV00188)<br>(Santa Barbara County)<br><br>ORDER MODIFYING<br>OPINION AND CERTIFYING<br>OPINION FOR PUBLICATION<br>[NO CHANGE IN<br>JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on January 25, 2021, be modified as follows:

1. On page 1, the following paragraph is inserted as the first paragraph in the opinion:

> In some cases, although parties succeed at trial, the full breadth of their success is not realized until they defend the case on appeal.  May such a party move for attorney fees post appeal if the trial court denied their preappeal attorney fee motion?  We conclude that they may do so.

There is no change in the judgment.

The opinion in the above-entitled matter filed on January 25, 2021, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

_____

GILBERT, P. J.　　　　PERREN, J.　　　　TANGEMAN, J.

2